IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-754-SLR |
| | ) |
| CORRECT CARE SERVICES LLC et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 16th day of December, 2010, having considered the pending motions and having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for leave to amend the complaint (D.I. 6) is denied as moot; plaintiff's motion for leave to correct the case caption (D.I. 16) is granted; plaintiff's motion to supplement the amended complaint (D.I. 17) is granted; and plaintiff's motion for leave to file a reply (D.I. 19) is granted; and

IT IS FURTHER ORDERED that plaintiff will be allowed to proceed with counts one and three against Correctional Medical Services, Tracy Wilkins, Correct Care Solutions, LLC, and Dr. Dale Rodgers; and that count two against Dr. Linda Galef-Surdo, Correctional Medical Services, and Correct Care Solutions, LLC is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff David W. Williamson ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed his

complaint pursuant to 42 U.S.C. § 1983.[1] He proceeds pro se and has been granted leave to proceed without prepayment of fees.

2. **Pending Motions.** Plaintiff filed his complaint and then filed an amended complaint.[2] (D.I. 2, 6) Plaintiff's motion for leave to correct a deficiency in the case caption is **granted**. (D.I. 16) Plaintiff provided an incorrect name for defendant Correct Care Services, LLC. He indicates the correct name is "Correct Care Solutions, LLC" ("CCS"). The clerk of court is directed to correct the court docket.

3. Plaintiff's motion for leave to supplement the amended complaint, construed as a motion to amend is **granted**. (D.I. 17) Plaintiff adds a new defendant, Dr. Dale Rodgers ("Dr. Rodgers"). The clerk of court is directed to docket the first amended complaint attached to the pending motion and to add Dr. Rodgers as a defendant.

4. Plaintiff's motion for leave to file a reply to defendants' response to plaintiff's motion for injunctive relief is **granted**. (D.I. 19) Plaintiff shall have **ten (10) days** from receipt of defendants' response to file his reply.

5. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

[2] The motion for leave to amend complaint found at Docket Item 2 is **denied** as moot. (D.I. 6) Plaintiff is allowed to amend his pleading once as a matter of course. See Fed. R. Civ. P. 15.

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

6. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

7. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

8. A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

9. **Discussion**. Plaintiff alleges that defendants are deliberately indifferent to his serious medical needs. He raises three claims. The first claim ("count one") concerns plaintiff's repeated requests for emergent medical care and the failure to provide needed medication to treat his chronic hypothyroidism during a two week period from October 30 to November 13, 2009, and is raised against Correctional Medical Services, Inc. ("CMS") and Tracy Wilkins ("Wilkins").[4] The second claim ("count two") concerns medical treatment provided to him by CMS, CCS, and Dr. Linda Galef-Surdo ("Dr. Surdo") following a re-injury of his right knee on June 5, 2010. The third claim ("count three") concerns a denial by Dr. Dale Rodgers ("Dr. Rodgers") and CCS, on November 18, 2010, to proceed with surgery recommended by an outside consulting physician. Plaintiff was advised by Dr. Rodgers that it is CCS' policy to deny elective procedures, such as anterior cruciate ligament reconstructive surgery and knee replacements. Plaintiff seeks compensatory damages and injunctive relief.

10. **Medical Needs**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.

---

[4]CMS provided medical services to the Delaware Department of Correction ("DOC") from July 1, 2005 through June 30, 2010. On July 1, 2010, CCS became the medical service provider for DOC institutions, serving as the general healthcare provider. On the same date, Correct Rx Pharmacy Services, Inc. became the provider to fulfill pharmacy responsibilities and MHM Services, Inc. became the provider for mental health and substance abuse treatment.

1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

11. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

12. Liberally construing the complaint, as the court must, counts one and three allege cognizable and non-frivolous medical needs claims. Count two, however, does not. Plaintiff takes exception to the medical care he received from CMS, CCS, and Dr. Surdo following the June 2010 re-injury of his right knee. Plaintiff received treatment

and medication on numerous occasions following the injury, albeit, according to him, inadequate. The allegations in count two fall under the aegis of a medical malpractice/ negligence claim, rather than a constitutional violation. Therefore, the court dismisses count two against CMS, CCS, and Dr. Surdo as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

13. **Conclusion.** Based upon the foregoing analysis, plaintiff's motion for leave to amend complaint is denied as moot; motion for leave to correct case caption is granted; motion to supplement the amended complaint is granted; and motion for leave to file a reply is granted. (D.I. 6, 16, 17, 19) The court has identified what appear to be cognizable and non-frivolous claims in counts one and three against Correctional Medical Services, Tracy Wilkins, Correct Care Solutions, LLC, and Dr. Dale Rodgers. Count two against Dr. Linda Galef-Surdo, Correctional Medical Services, and Correct Care Solutions, LLC is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of Court **original "U.S. Marshal-285" forms for remaining defendants Correctional Medical Services, Tracy Wilkins, Correct Care Solutions, LLC, and Dr. Dale Rodgers**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff shall also provide the court with copies of**

**the complaint (D.I. 2), amended complaint (D.I. 7), and first amended complaint for service upon remaining defendants and the attorney general.** Plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms and copies of the complaint and amended complaints have been received by the Clerk of Court. **Failure to provide complete "U.S. Marshal 285" forms and the necessary service copies for remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

5. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown,

Case 1:10-cv-00754-SLR Document 20 Filed 12/17/10 Page 9 of 9 PageID #: 185

pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8. **Note:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE

-9-